# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2021

Lyle W. Cayce
Clerk

No. 21-60187
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANCE PAYTON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-105-1

---

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Ance Payton, federal prisoner # 20902-043, pleaded guilty to two counts of possession with intent to distribute a controlled substance, and he was sentenced to a total sentence of 79 months in prison. He now appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60187

compassionate release due to the COVID-19 pandemic.  Payton contends that his health conditions (hypertension and obesity) and his race (African American) create a risk of severe illness due to COVID-19 and constitute extraordinary and compelling reasons for compassionate release.

As modified by the First Step Act of 2018, § 3582(c)(1)(A)(i) allows a district court to modify a defendant's sentence if, after considering any relevant 18 U.S.C. § 3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).  We review the district court's denial of such a motion for abuse of discretion, giving deference to the district court's application of the § 3553(a) sentencing factors.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

In this case, the district court determined that even if Payton, who had served only one third of his sentence, had demonstrated extraordinary and compelling reasons for compassionate release, he was a danger to society and should not be released.  The district court relied on Payton's extensive criminal history, which included numerous convictions for drug offenses and armed drug offenses.  When considering a motion for a reduction of sentence under § 3582(c), the district court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case."  *Chambliss*, 948 F.3d at 693 (internal quotation marks and citation omitted).  Payton's disagreement with how the district court balanced the § 3553(a) factors is insufficient to establish an abuse of discretion and is "not a sufficient ground for reversal."  *Id.* at 694.

Accordingly, the judgment of the district court is AFFIRMED.